The Ohio Power Co., Appellant, *v.* Shroyer, Appellee.

(No. 258—Decided March 11, 1954.)

*Mr. C. A. Hoopes,* for appellant.
*Messrs. Sanders & Grigsby,* for appellees.

Middleton, J. This is an action brought by the plaintiff, The Ohio Power Company, to appropriate an easement and right of way in lands owned by the defendant, Harry O. Shroyer.

The farm of defendant consists of 108.66 acres, and the easement being appropriated is 250 feet in width and approximately 1,460 feet in length.

The case was submitted to a jury for the assessment of compensation and damages to be paid by plaintiff to defendant. The jury found the value of the easement taken to be $1,000 and the damage to the residue to be $3,000, or a total sum to be paid the defendant of $4,000. It is from the judgment rendered upon this verdict that appeal is taken to this court on questions of law.

The plaintiff assigns as error, first, the refusal of the trial court to give the plaintiff's special request before

argument, and, second, error in the trial court's general charge to the jury.

It developed from the evidence that some 30 trees growing on the land appropriated would be cut down, and it is from the relation of the value of these trees to the compensation to be paid defendant that the questions to be decided by this court arise.

At the conclusion of the trial, and before argument, the plaintiff submitted three special requests to charge. Two were given and the third request was refused.

The request to charge, which was refused, reads as follows:

"The court instructs you that you have no right to award compensation or damages for the value of any trees separate, apart and in addition to the fair market value of the land upon which such trees stand."

It is recognized that the value of any trees removed is to be taken into consideration in fixing the fair market value of the land appropriated; and that the value of the trees removed is not to be awarded as a separate item of compensation or damages.

The request to charge does not include, as a part of the instructions, the right of the jury to consider the value of the trees removed, in fixing the fair market value of the land.

This court is of the opinion that the request to charge is confusing and could be interpreted by the jury as denying it the right to consider the value of the trees as a part of the compensation to be awarded the defendant for the easement. The court is, therefore, of the opinion that the trial court properly refused to give the charge requested.

However, when the evidence offered at the trial, by both the plaintiff and defendant, is examined, the question of whether the court's refusal to give the charge requested was error ceases to be material.

Defendant's witnesses fixed the value of the easement from $4,000 to $5,000, and the damage to the residue from $6,000 to $10,000. The defendant fixed the value of the easement at $4,250; his son fixed the value at $4,000; the cashier of a bank fixed the value of the easement at $4,000; and defendant's witness McMahon gave his estimate of the value of the easement at $5,000.

In testifying as to the value of the easement, all witnesses took into consideration the cutting of the trees standing on the land.

The plaintiff called two witnesses who testified as to the value of the easement and the damage to the remainder. Plaintiff's witness H. W. Marshall testified that the value of the easement and the damage to the remainder would be $1,500, and estimated that, of this sum, $600 would be the damage to the residue, thus leaving $900 as the compensation to be paid for the easement. Plaintiff's witness Ross Dodd fixed the fair market value of the easement as $920, and the damage to the residue as $700.

The verdict of the jury fixed the compensation for the easement at $1,000, a sum only $80 in excess of the value thereof fixed by the plaintiff.

It is, therefore, observed that the refusal of the court to give the charge requested, if error, was not prejudicial.

That part of the court's general charge to which the plaintiff takes exception and which is the basis of plaintiff's second assignment of error is as follows:

"Further, Harry Shroyer had the right to have the trees remain and grow there without injury, and the right to maintain the trees in the ordinary way was an absolute right. The Ohio Power Company is depriving Mr. Shroyer of that right, and Mr. Shroyer is entitled to a fair market value of that right, *and it is an item to*

*be considered by you in arriving at the fair value of the easement taken.''*

The court concludes that the above-quoted portion of the court's charge is a correct statement of the law, as the defendant had the right to have the trees remain and grow without injury, and the value of that right is an item to be considered in arriving at the fair value of the easement taken.

It should be noted that the plaintiff does not claim that the verdict is contrary to the evidence or that it is excessive.

As we find no prejudicial error, the judgment of the court below is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and GUERNSEY, J., concur.